

# NUMBER 13-08-00376-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI ‑ EDINBURG

---

**JOSE ROEL GARCIA, JR.,**                                                          **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                          **Appellee.**

---

### On appeal from the 377th District Court
### of Victoria County, Texas.

---

# MEMORANDUM OPINION

**Before Justices Yañez, Rodriguez, and Benavides**
**Memorandum Opinion by Justice Rodriguez**

Appellant, Jose Roel Garcia, Jr., appeals from the revocation of his community supervision. On May 3, 2005, pursuant to a plea bargain agreement, appellant pleaded guilty to the assault of a public servant. *See* TEX. PENAL CODE ANN. § 22.01(a)(1), (b)(1) (Vernon Supp. 2008). The trial court sentenced appellant to ten years' confinement in the

Institutional Division of the Texas Department of Criminal Justice, then suspended imposition of the sentence, placed appellant on community supervision for ten years, and imposed a fine of $4,000, court costs, 500 hours of community service, aggression control counseling and drug/alcohol evaluation.[1]

On November 6, 2008, the State filed its motion to revoke appellant's community supervision. Following an evidentiary hearing, the trial court found appellant had violated condition rule 1 (committed the offense of retaliation and the offense of assault on public servant), rule 11 (failed to report to his supervision officer), and rule 24 (failed to complete minimum monthly hours of community service). The trial court revoked appellant's community supervision on the assault of a public servant, sentenced appellant to ten years' confinement, and imposed the $4000 fine and court costs. This appeal ensued.

Concluding "this appeal is without merit and frivolous," appellant's counsel filed a brief in which he reviewed the merits, or lack thereof, of the appeal. We affirm.

## I. Compliance with *Anders v. California*

Pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967), appellant's court-appointed appellate counsel has filed a brief with this Court, stating "that no reversible error is reflected by the record." Counsel's brief discusses the relevant portions of the record as they pertain to the following four arguable grounds of error presented: (1) the evidence was insufficient to support the revocation; (2) the trial court erred or abused its discretion by imposing the original sentence; (3) appellant's sentence is cruel and unusual in violation of the United States Constitution; and, (4) appellant was not given

---

[1]Appellant's community supervision conditions were amended to place appellant in residential treatment. Appellant was also to seek counseling with a local MHMR Center.

effective assistance of counsel at the revocation hearing. *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities.") (citing *Hawkins v. State*, 112 S.W.3d 340, 343-44 (Tex. App.–Corpus Christi 2003, no pet.)); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991).

Including record references to the facts and setting out pertinent legal authorities, appellant's counsel has carefully discussed why, under controlling authority, there are no errors in the trial court's judgment. *See High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978). Counsel has certified to this Court that, after diligently searching the record and researching the applicable law, he has found no reversible error reflected by the record and has forwarded a copy of the brief and request to withdraw as counsel to appellant. Counsel also informed appellant of his right to review the record and to file a pro se response.[2] *See Anders*, 386 U.S. at 744; *Stafford*, 813 S.W.2d at 510 n.3; *see also In re Schulman*, 252 S.W.3d at 409 n.23. More than an adequate period of time has passed, and appellant has not filed a pro se response. *See In re Schulman*, 252 S.W.3d at 409.

## II.  Independent Review

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio*, 488 U.S.

---

[2]The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the rules of appellate procedure in order to be considered. Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues." *In re Schulman*, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (quoting *Wilson v. State*, 955 S.W.2d 693, 696-97 (Tex. App.–Waco 1997, no pet.)).

75, 80 (1988). We have reviewed the entire record and counsel's brief and have found nothing that would arguably support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826-28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509. Accordingly, we affirm the judgment of the trial court.

### III. Motion to Withdraw

In accordance with *Anders*, appellant's attorney has asked this Court for permission to withdraw as counsel for appellant. *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779-80 (Tex. App.–Dallas 1995, no pet.) (noting that "[i]f an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous") (citations omitted)). We grant counsel's motion to withdraw that was carried with the case on January 14, 2009. Within five days of the date of this Court's opinion, counsel is ordered to send a copy of the opinion and judgment to appellant and to advise appellant of his right to file a petition for discretionary review.[3]

---

[3]No substitute counsel will be appointed. Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with this Court, after which it will be forwarded to the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3; 68.7. Any petition for discretionary review should comply with the requirements of rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4.

*See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

NELDA V. RODRIGUEZ
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Memorandum Opinion delivered and
filed this 14th day of May, 2009.